JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 5690

-----------------------------------------------------------------X      ECF CASE

NOELLE CUNNINGHAM

V.

COMPLAINT AND JURY DEMAND

MERZ PHARMACEUTICALS LLC

-----------------------------------------------------------------X

RECEIVED
AUG 1 4 2013
U.S.D.C. S.D.N.Y.
CASHIERS

The Plaintiff, by her attorney, Law Offices of Lauren Goldberg, PLLC, as and for her complaint against the Defendant, alleges:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for violation of the Family and Medical Leave Act ("FMLA") pursuant to 29 U.S.C. § 2601 et seq.

2. Plaintiff also brings this action for disability discrimination pursuant to New York State Human Rights Law, Executive Law §296, et. seq. ("SHRL"), and the New York City Human Rights Law, §8-107, et. seq. of the New York City Administrative Code ("CHRL").

## JURISDICTIONAL STATEMENT

3. This Court has jurisdiction over the claims presented in this complaint pursuant to 28 U.S.C. § 1331, 1343 and 1367.

4. Plaintiff invokes supplemental jurisdiction of the Court to hear and decide the claims arising under state and city law.

5. Venue lies in the Southern District of New York pursuant to 28 U.S.C. §1391 in that the actions or omissions that gave rise to this lawsuit occurred in this district.

## PARTIES

6. Plaintiff Noelle Cunningham ("Plaintiff" or "Ms. Cunningham") at all relevant times was employed by Defendant.

7. Upon information and belief, Defendant Merz Pharmaceuticals LLC ("Defendant" or "Merz") is a corporation doing business in the State of New York with a principal place of business at 4215 Tudor Lane Greensboro, North Carolina 27410.

8. Merz Pharmaceuticals is a pharmaceutical company that has offices all over the world.

9. Upon information and belief, Merz has thousands of full time employees and has employed at least 50 employees for each working day during each of 20 or more calendar workweeks in both 2012 and 2013.

## STATEMENT OF FACTS

10. Ms. Cunningham started working for Defendant in December of 2011 as a territory business manager.

11. Ms. Cunningham's responsibilities included marketing and selling Merz' products to dermatologists and podiatrists in New York City.

12. At all times, her performance was excellent.

13. Throughout her employment, Ms. Cunningham's sales continually increased.

14. As a result of her sales, her commissions almost double during her time of employment

15. Ms. Cunningham won Rookie of the Year in 2012.

16. She was applauded for her accomplishments which included top ranking sales.

17. She was even singled out by Mr. Greg Bease, the Vice President of sales for Merz medical dermatology, for her excellent performance in front of the entire medical dermatology department.

18. In April 2013, she had been discussing with her manager, David Fachko, how to triple sales in the next year by growing market share.

19. Her projected growth was almost double from what it has been in the previous year.

20. Ms. Cunningham had outstanding work performance despite being disabled.

21. For years, Ms. Cunningham has suffered from a neurological condition that causes her severe and debilitating migraines if not treated.

22. Plaintiff has sought continuing monthly treatment by a neurologist for her migraines for years.

23. Additionally, in March 2013, Ms. Cunningham also started seeing a psychologist on a regular basis who diagnosed her as having serious depression and anxiety related to Post Traumatic Stress Disorder (PTSD) and advised her to see a psychiatrist.

24. Plaintiff also sought continuing treatment by a health care provide for her PTSD.

25. Both Plaintiff's neurological disorder and her PTSD are both impairments –either physical or mental or medical – that either prevent the exercise of a normal bodily function and/or are demonstrable by medically accepted clinical or laboratory diagnostic techniques.

26. On April 23, 2013, before work, Ms. Cunningham was experiencing tremendous depression and anxiety such that she was having a complete breakdown. She could not stop crying. She was having trouble breathing, her heart was racing, and her chest was tight. She also could not get out of bed and she felt an overwhelming sense of helplessness. She also had a debilitating migraine.

27. Knowing she was not going to be able to work that day, Ms. Cunningham talked with Dave Fachko about her PTSD, her depression, her anxiety and her migraines.

28. Although she had repeatedly talked with Mr. Fachko about her migraines in the past and her treatment, she had never discussed her PTSD before because she felt vulnerable exposing the details of her mental health condition.

29. However, knowing that she was unable to work, Ms. Cunningham knew that she had no choice but to open up and tell Mr. Fachko the details of her mental health condition.

30. She told him about her psychological treatment and informed him that she was experiencing severe depression and anxiety and that she needed to take her medication, lay down, and see her doctor.

31. After talking with her, Mr. Fachko told her to leave and take the time that she needed to address her condition.

32. Ms. Cunningham was eligible to take FMLA leave in that she had worked at least 1250 hours in the prior 12 month period and because she had a serious health condition that was preventing her from working.

33. Mr. Fachko informed Ms. Cunningham that he would tell the human resources department and Mr. Greg Bease of her condition and her leave.

34. Ms. Cunningham exercised her right to take leave under the Family and Medical Leave Act.

35. On April 26, 2013, Natalie Prudente, Merz' Human Resources Generalist, called Ms. Cunningham to inform her that she was being fired because she had failed to communicate with her manager, Mr. Fachko, that week.

36. After Ms. Cunningham informed Ms. Prudente of her conversation with Mr. Fachko earlier in the week, Ms. Prudente said that she would contact Ms. Cunningham the following week.

37. Ms. Cunningham faxed human resources a doctors' note regarding her leave.

38. The following week, Ms. Prudente informed Ms. Cunningham that she was not being fired.

39. Ms. Cunningham informed Ms. Prudente that she needed an additional two weeks off for her medical condition.

40. Ms. Cunningham faxed another note regarding the additional time that Ms. Cunningham needed.

41. On May 8, 2013, while out on FMLA leave, Ms. Cunningham received a letter from Ms. Prudente stating that she was terminated.

42. Merz fired Ms. Cunningham because of her disabilities, her record of disability, her perceived disabilities, her need for requesting an accommodation, and because she exercised her right to take FMLA-protected leave.

43. Prior to her exposing her mental health illness and requesting time off to treat her conditions, Ms. Cunningham had an excellent performance record.

44. In fact, at the time of her termination, Ms. Cunningham was in 3rd place for the Merz' Presidents Club.

45. Defendants' termination of Ms. Cunningham was in violation of the disability discrimination law of New York State and New York City and of the Family and Medical Leave Act.

46. At all relevant times, plaintiff had serious medical conditions under the FMLA and disabilities under the HRL and the NYCHRL.

47. Accordingly, at all relevant times, Ms. Cunningham was disabled as that terms is understood under the SHRL and the CHRL, had a record of being disabled and/or was perceived by Defendant as being disabled.

48. At all times, plaintiff requested reasonable accommodations for her disabilities and serious health condition.

49. At all relevant times, plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

50. Defendant failed to afford plaintiff a reasonable accommodation for his disabilities and serious health condition.

51. Defendant did not afford plaintiff leave as required by the FMLA, the HRL and the NYCHRL.

52. The actions complained of herein were committed willingly, with reckless disregard to Plaintiff's rights.

53. As a result of Defendant's actions, Ms. Cunningham has faced significant financial loss and emotional distress.

## FIRST CAUSE OF ACTION (FMLA)

54. The allegations of paragraphs 1 through 53 are repeated as if fully stated here.

55. Plaintiff is an eligible employee as that term is understood within the FMLA.

56. Defendant willfully retaliated against Plaintiff for exercising her rights under the FMLA and she suffered adverse employment action for availing herself of FMLA-protected leave during her employment with Defendant.

57. Defendant's actions are in violation of the FMLA.

58. Plaintiff has thereby been damaged in an amount as yet to be determined, but exceeding $1,000,000.

### SECOND CAUSE OF ACTION: SHRL (DISABILITY DISCRIMINATION)

59. The allegations of paragraphs 1 through 58 are repeated here as if fully stated.

60. By their actions, Defendant intentionally discriminated against Plaintiff because of her disability, a record of such disabilities and/or perceived disabilities in violation of the New York State Human Rights Law.

61. Plaintiff has thereby been damaged in an amount as yet to be determined, but exceeding $1,000,000.

### THIRD CAUSE OF ACTION : CHRL (DISABILITY DISCRIMINATION)

62. The allegations of paragraphs 1 through 61 are repeated as if fully stated here.

63. By their actions, Defendant employer intentionally discriminated against plaintiff because of her disability, a record of such disability and/or perceived disabilities in violation of the New York City Human Rights Law.

64. Plaintiff has thereby been damaged in an amount as yet to be determined, but exceeding $1,000,000.

WHEREFORE, plaintiff demands that judgment be granted as follows:

A. The amount sought for in each Cause of Action;

B. Punitive damages as sought;

C. Liquidated damages;

C. Attorneys' fees and costs;

D. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:     New York, New York
           August 14, 2013

                              LAW OFFICES OF LAUREN GOLDBERG, PLLC

                              By: _____
                              LAUREN GOLDBERG (LG: 9890)
                              Attorney for Plaintiff
                              204 West 84th Street
                              New York, N.Y. 10024
                              (646) 452-8380